THE ST. LOUIS AND SAN FRANCISCO RAILROAD COMPANY V. CARRIE E. MARSHALL.

No. 14,155.   (81 Pac. 169.)

Error from Linn district court; WALTER L. SIMONS, judge. Opinion filed June 10, 1905. Affirmed.

*L. F. Parker,* and *Pratt, Dana & Black,* for plaintiff in error.
*Boyle & Guthrie,* and *John C. Cannon,* for defendant in error.

*Per Curiam:* The principal questions argued by the plaintiff in error in this case depend for their solution upon disputed matters of fact. The duty of the company with reference to the care to be observed in the maintenance of its station and the conduct of its business is really not controverted. It is true, as the court said, that the proper character of the lights furnished at any particular station will depend upon the character and extent of business transacted at the station. If many passengers are to be taken on the trains, and many others are to be discharged, if much baggage, mail and express is to be handled by many employees, if the station grounds must be used at the time of the arrival of trains by many persons having business there with the company, or with incoming or

outgoing passengers, confusion and accident at night can be prevented only by the aid of a lighting system much more extensive than would be required under other circumstances. The further statement by the court that light which would be sufficient at one station might be inadequate at a larger one, instead of opening a field for comparison served merely to fix the attention of the jury upon the peculiar facts of the case on trial. The statement that it was the duty of the company to furnish lights sufficient to guide safely the steps of a passenger was immediately explained, and twice explained, to mean with reasonable safety.

The definition of negligence was, by the instruction as a whole, entirely relieved from the quality of abstractness, and its true bearing upon the evidence made apparent.

This court is not the body to solve the conflict in the evidence as to how the mail-bags were handled and where they were left. Nor can this court, from the bare record, declare as a matter of fact that a mail-bag did not trip the deceased, or announce as a proposition of law that it was not negligence in the company to permit the injured man to be tripped by it.

There is evidence that the station was reasonably well lighted. There is other evidence that it was so dark that it was dangerous. The jury have decided the matter, and its conclusions must stand.

It is impossible from all the circumstances of the occurrence for this court to say that light would not have been a protection to the deceased. The question is a debatable one. Even if the court might have an opinion, derived from the words in the record, different from that of the jury, it does not have the illustration given by one of the witnesses of the movements of the deceased, nor the illuminating effect attaching to oral recitals of the facts by those who observed them. There is fair evidence that the darkness made the deceased oblivious of his peril, and that is sufficient to uphold the conclusion of the triers of fact. The whole conduct of the deceased was a matter for the jury to approve or condemn, according to the interpretation which the facts, in their estimation, required.

The custom pleaded and proved was shown to be known and understood by the company, and amounted to an adoption by it of the results of interference by third persons with mail-bags at its station.

The claimed variance would scarcely be material even in a criminal case.

The instruction concerning the measure of damages, considered in its entirety, could not have prejudiced the defendant, and the conduct of a juror complained of was not sufficiently flagrant to warrant the court in annulling the verdict. Other matters discussed in the brief are inconsequential, and the judgment of the district court is affirmed.